**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1621**

ACCELERATION ACADEMIES, LLC,

Plaintiff - Appellee,

v.

CHARLESTON ACCELERATION ACADEMY, INC.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cv-00062-MOC-DSC)

Submitted:  May 14, 2021                     Decided:  May 28, 2021

Before AGEE and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Katie W. Hartzog, Michael B. Cohen, HARTZOG LAW GROUP LLP, Cary, North Carolina; Kevin M. McKenna, Carolyn N. Flynn, MCKENNA SNYDER LLC, Exton, Pennsylvania, for Appellant.  Edward B. Davis, Joshua B. Durham, BELL, DAVIS & PITT, P.A., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charleston Acceleration Academy, Inc. ("CAA") appeals from the district court's order denying its motion to vacate or modify the arbitration award (the "Award") issued in favor of Acceleration Academies, LLC ("AA"). On appeal, CAA contends that the Award should be vacated because the arbitrator engaged in misbehavior causing prejudice to CAA, the arbitrator manifestly disregarded the law with respect to CAA's mitigation of damages defense, and the Award fails to draw its essence from the parties' agreement. Alternatively, CAA asserts that the Award should be modified to reduce the damages awarded to AA. We reject CAA's arguments and thus affirm.

We review de novo a district court's denial of a motion to vacate or modify an arbitration award. *Brown & Pipkins, LLC v. Serv. Emps. Int'l Union*, 846 F.3d 716, 723 (4th Cir. 2017) (motion to vacate); *White Springs Agric. Chems., Inc. v. Glawson Invs. Corp.*, 660 F.3d 1277, 1280 (11th Cir. 2011) (motion to modify). Generally, "judicial review of an arbitration award in federal court is severely circumscribed and among the narrowest known at law." *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015) (internal quotation marks omitted). "[A] federal court may vacate an arbitration award only upon a showing of one of the grounds specified in the Federal Arbitration Act, *see* 9 U.S.C. § 10(a), or upon a showing of certain limited common law grounds."[*] *Patten v. Signator*

---

[*] Although we have continued to evaluate the merits of common law challenges to arbitration awards, we have recognized that our power to vacate an award based on the common law may be an open question after the Supreme Court's decision in *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (holding that Federal Arbitration Act provides "exclusive" grounds for vacatur or modification of arbitration award). *See* (Continued)

2

*Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006) (footnote omitted).  In reviewing the Award, "our province is not to determine the merits of the dispute between the parties but rather to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Interactive Brokers LLC v. Saroop*, 969 F.3d 438, 445 (4th Cir. 2020) (internal quotation marks omitted).

Having reviewed the record, including the Award, and the parties' submissions on appeal, we conclude that CAA has not met its "heavy burden" for vacating the Award. *Id.* at 443.  Indeed, CAA has shown neither that the arbitrator engaged in misbehavior within the meaning of 9 U.S.C. § 10(a)(3), nor that the arbitrator manifestly disregarded the law. *See id.* at 442 (explaining manifest disregard standard); *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 479-80 (4th Cir. 2012) (providing standard for § 10(a)(3) challenge).  We further conclude that CAA has failed to demonstrate that the Award does not draw its essence from the parties' agreement.  *See Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*, 519 F.3d 200, 207 (4th Cir. 2008) (recognizing that, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," we will not conclude that the arbitrator's award "fails to draw its essence from the agreement at issue").

---

*MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 857 n.5 (4th Cir. 2010) (discussing *Hall Street Associates, LLC*).

Finally, we are satisfied that CAA has not established any ground for modifying the Award under 9 U.S.C. § 11.  *See Del Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 875 (4th Cir. 2016) (explaining that § 11 "cabin[s]" court's authority to modify arbitration award).

Accordingly, we affirm the district court's denial of CAA's motion to vacate or modify the Award.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*